**Edward TAMPUBOLON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71890.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Edward Tampubolon, Everett, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, OIL, Efthimia S. Pilitsis, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Edward Tampubolon, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's asylum eligibility determination for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

Substantial evidence supports the BIA's determination that Petitioner did not satisfy his burden of proving past persecution or a well-founded fear of future persecution. Tampubolon testified that his family never encountered any problems in the past on account of their Christian religion or Chinese ethnicity, and did not offer any

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence to support his fear of future persecution, other than a generalized assessment of the current climate of violence towards Chinese Christians in Indonesia. As the IJ concluded, this is not the sort of particularized, extreme treatment that constitutes persecution. *Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995).

The BIA's conclusion is further supported by the fact that Petitioner's brother and uncle have remained in Indonesia without being singled out or harmed on account of their devoted Christian practice or Chinese ethnicity. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Because Petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioner's CAT claim also fails because he did not show that it would be more likely than not that he would be tortured if returned to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.